CLAPP vs. STURDIVANT.

An *appeal* lies from the judgment of the Court of Common Pleas in a *suit in equity*, originally brought in that Court to redeem an estate under mortgage.

The *Report* of a Master in Chancery in the Court below, comes up with the case on appeal, and may be used as evidence in the same manner as if the Master had been appointed by this Court.

THIS, was a *Bill in Equity*, brought for the redemption of an estate under mortgage. It was originally commenced in the Court of Common Pleas pursuant to the provisions of *stat.* of 1821, *ch.* 39, *sec.* 1, and was brought to this Court by appeal.

Two questions were presented, 1. whether it was *appealable*, and, 2. whether the Report of the Master made in the Court below came up in the case, and could be used here.

*Greenleaf* and *W. Goodenow*, contended that it was not appealable. The words of the statute are " in any *action*," &c. and they insisted that this was not *an action* within the meaning of the statute.

They further insisted that if the appeal should be sustained, the Report of the Master was evidence here; — and likened it to the report of an auditor which always comes up with the case, and is used as evidence.

*Daveis*, maintained the contrary ; and with regard to the latter, he likened it to a verdict in the Court of Common Pleas, which is not recognized in the Supreme Court on appeal, and makes no part of the case.

*By the Court.* — We think the appeal lies in this case. It is substantially embraced in the provisions of *stat.* of 1829, *ch.* 144, *sec.* 1, which have not been restrained or qualified in this respect by any subsequent statutes.

The Court of Common Pleas have the authority to appoint a Master — consequently, when one is appointed, who makes a Report, that Report is *evidence* ; — and though on appeal, the judgment below is vacated, still the Report, as evidence, comes up with the case, and may be used in the same manner as a plan or an auditor's report might be used.